STEVEN L. BARKAN, PC
Attorney for Plaintiff
JOHN McCRAY
445 Broad Hollow Rd., Suite 25
Melville, NY 11747
P – 516-358-3688
F – 631-881-0818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOHN McCRAY

                                Plaintiff,

    -against-

MTA METRO-NORTH RAILROAD,

                               Defendant.
-----------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**PLAINTIFF REQUESTS A JURY TRIAL**

Plaintiff, JOHN McCRAY, hereinafter referred to as "Plaintiff", by his attorneys, STEVEN L. BARKAN, PC, complaining of the Defendant, MTA METRO-NORTH RAILROAD (Metro-North), alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.    Plaintiff, JOHN McCRAY, is an individual residing in the County of Dutchess, State of New York.

2.    At all times material to this action, the Defendant, Metro-North, is licensed to do business in the State of New York with its principle place of business in the County of New York, State of New York.

3.    That all times material to this action Defendant, Metro-North, is and was a common carrier in interstate commerce.

4.   At all times hereinafter mentioned, Metro-North owned and operated an interstate railroad that passes through the States of New York and Connecticut and was an interstate carrier engaged in the transportation of commerce.

5.   That at all times hereinafter-mentioned Plaintiff was a Machinist employed by Metro-North.

6.   At the time of the injuries set out in this complaint, Plaintiff was working in furtherance of interstate commerce and participating in work that directly, closely and substantially affected the interstate commerce engaged in by the Defendant, Metro-North.

7.   That Plaintiff's action arises under the Federal Employees' Liability Act, 45 USC §51 *et seq.*

8.   That jurisdiction in this matter is pursuant to 45 USC §51 *et seq.* and 28 USC §1331.

9.   That on March 14, 2021, plaintiff was working in the Mechanical Department in the yard at Croton Harmon, New York.

10.   That he had entered the bathroom on the ground floor in the Mechanical Department at the round 3:45 AM and locked the door.

11.   That the restroom was constructed of cinderblock with a metal door, and had no windows, or other means of entry or exit, other than the door that he entered by and had locked..

12.   That about that time, while sitting on the toilet bowl with his pants down around his ankles, there was heavy banging at the restroom door and screaming by an MTA Police Officer, Ross Shaw, along with his General Foreman, Walter Denymore.

13. That the police officer and the General Foreman, were apparently looking for an electrician by the name of Frank Mutig, who it is believed had a disagreement with one of the supervisors.

14. The plaintiff informed the Officer and his Foreman that he was alone in the restroom.

15. Instead of awaiting for plaintiff to pull up his pants and open the door, both the General Foreman forcibly opened the locked door and they both verbally accosted plaintiff by screaming at him while standing over him in a threatening manner, cursing at him and using racial slurs.

16. That the Police Officer, while apparently in a rage and screaming at plaintiff, was holding the handle of his holster pistol causing plaintiff to believe that he was going to be beat up, and severely hurt, or possibly shot and killed.

17. That this rage on the part of the Police Officer and Foreman was apparently generated by the fact that plaintiff was not the person that they were looking for.

18. That plaintiff, immediately experienced emotional distress including fear and anxiety and was later that day driven to the Emergency Room at the Montefiore Nyack Hospital.

19. Plaintiff did not return to work for over seven months because of the emotional distress, fear, anxiety and PTSD that resulted from the actions of his General Foreman including the General Forman's failure to restrain the MTA Police Officer, but instead aided and abutted his outrages conduct.

20. Plaintiff continued to experience emotional distress including fear, anxiety and PTSD after he returned to work and dose so at the present time.

21. That the Defendant, Metro-North, its agents, servants and/or employees were negligent and at fault in the negligent ownership, operation, maintenance and control of the railroad; in failing to provide the Plaintiff with a safe place to work; in failing to supervise and, in fact, causing Plaintiff personal injuries as well as creating a hazardous condition in which to work; in being otherwise negligent and at fault under the circumstances herein.

22. That the Plaintiff was compelled by reason of the injuries sustained by him to seek medical care and treatment and to be unfit for work and possibly permanently unfit to work in the future as a result of the injuries that he incurred while employed by the Defendant, Metro-North.

23. Solely by reason of the negligence, carelessness, recklessness and intentional disregard the Defendant, Metro-North, its agents, servants and/or employees, and without any negligence on the part of the Plaintiff in any way contributing thereto, Plaintiff sustained severe and permanent injuries complained of herein, suffered severe pain and suffering and emotional distress and permanent and painful injuries to his health; has lost and will lose wages in his usual occupation; and was required to spend sums of money and attempting to effect a cure, and in the future will be required to spend sums of money and attempting to effect a cure, and this all to his damage in an amount to be determined by the Court.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats, and re-reiterates the causes of action from Numbers 1 to 23 as if set forth in full herein.

25. That the general foreman, Walter Denymore, had a direct duty to prevent harassment in the workplace pursuant to Defendant's policy and failed to do so.

26. As a result of the general foreman failure to prevent this harassment and outrageous conduct as set forth above, plaintiff suffered and continues to suffer from emotional distress including PTSD.

27. That the defendant, MTA Metro North railroad is liable to plaintiff for the negligent inflection of emotional distress caused by the General Foreman actions which breached the duty that Defendant owed to plaintiff.

## AS AN FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and reiterates causes of action numbered 1 through 27 as if fully set for herein.

29. That if the general foreman's actions joined with that of the MTA Police Officer in brutally harassing plaintiff at his obviously weak and embarrassing moment was conduct that was extreme and outrageous and intend to cause, or a reckless disregard of the substantial probability of causing the plaintiff severe emotional distress.

30. That defendant is liable to plaintiff as a result of such conduct on the part of the General Foreman towards plaintiff for the intentional infliction of emotional distress that he sustained.

WHEREFORE, Plaintiff requests judgment against the Defendant, Metro-North:

1. In a sum to be determined by proof at trial for pain, suffering and mental anguish both past and in the future;

2. In a sum to be determined by proof at trial for loss of earnings and loss of future earning capacity, including all fringe benefits;

3. In a sum to be determined by proof at trial for medical expenses incurred to date;

4. In a sum to be determined by proof at trial for future medical expenses; and,

5. For an award of Plaintiff's costs of suit in this action.

Dated: Melville, New York
February 16, 2024

_____
Steven L. Barkan, Esq. (SB0444)
STEVEN L. BARKAN, PC
Attorney for Plaintiff
JOHN McCRAY
Office and P.O. Address
445 Broad Hollow Rd., Suite 25
Melville, NY 11747
(516) 358-3688

TO: MTA METRO-NORTH RAILROAD
420 Lexington Ave.
New York, NY 10170